TRISH STAPP, as Special Administratrix of the Estate of HELEN CAUDILL, Deceased, and DONNIE CAUDILL, Appellants, v. HILTON HOTELS CORPORATION; and LAS VEGAS HILTON CORPORATION, Respondents.

No. 22174

March 5, 1992                                          826 P.2d 954

[Rehearing denied May 19, 1992]

*Brent E. Leavitt,* Las Vegas, for Appellants.

*Rawlings, Olson & Cannon,* and *Melissa R. Crenshaw,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Helen Caudill was hit by a car and seriously injured as she and her husband, Donnie Caudill, walked in the parking lot of the Las Vegas Hilton Hotel. Approximately eighteen months later, Helen died from cancer unrelated to her injuries.

Appellants, Trish Stapp as special administratrix of the estate of Helen Caudill, deceased, and Donnie Caudill (the Caudills), filed a complaint seeking damages against respondents, Hilton

Hotels Corporation and Las Vegas Hilton Corporation (Hilton). Prior to trial, Constance Urban, the driver of the vehicle which hit Helen Caudill, settled with the Helen Caudill estate for $115,000, and with Donnie Caudill for $50,000. After a jury trial, the Caudills received an award of damages that the trial court subsequently reduced by an offset in the total sum of $165,000, the amount of the settlements with Urban. The offset resulted from the granting of a motion filed pursuant to NRCP 59(e). The Caudills contend on appeal that the motion was untimely, and the offset improper. We agree and reverse.

## FACTS

A Hilton valet assisted the Caudills in parking their car while they were in the hotel. When the Caudills left the hotel on August 24, 1988, Donnie handed the parking ticket to the Hilton attendant in the valet parking cage next to the front door. The Hilton employee told the Caudills to take the ticket to a uniformed valet who was directing traffic and standing in the second of several lanes of traffic in Hilton's driveway. Donnie and Helen walked, hand in hand, out to the second lane of traffic and handed the valet the ticket. The valet ran ahead between the cars, and the Caudills followed. Helen walked in front of Donnie.

Unfortunately, Helen was seriously injured when she was hit by a car driven by Urban and crushed between the moving car and a parked vehicle.[1] Donnie was also brushed by the Urban vehicle but was not seriously injured. No crosswalks or traffic control devices existed for the protection of pedestrians attempting to cross the roadway to the valet parking area.

The Caudills proceeded to trial against Hilton to recover damages for personal injuries, loss of consortium, and emotional distress. The jury returned a verdict in favor of the estate of Helen Caudill for $225,000, and awarded Donnie Caudill $32,000 for loss of consortium, and $20,000 for emotional distress. Judgment on the jury verdict was entered December 17, 1990, and notice of entry of judgment was filed and served by mail to Hilton's counsel on December 21, 1990. On the latter date, Hilton filed a motion to stay execution of the judgment.

On January 9, 1991, the district court heard and granted Hilton's motion to stay execution of the judgment. The court also ordered Hilton's counsel to prepare a motion to alter or amend the judgment. On the same day, January 9, 1991, Hilton filed an NRCP 59(e) motion to amend the judgment.[2] The district court

---

[1]Helen suffered a shattered pelvis, vascular, neurological, and muscular injuries that required several surgeries and a lengthy hospitalization.

[2]NRCP 59(e) provides: "Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after service of written notice of entry of the judgment."

granted the motion on March 18, 1991, and an amended judgment was filed on March 27, 1991, offsetting the jury's verdict of $277,000 by $165,000, the amount of the Urban settlements. The Caudills thereafter appealed.

## DISCUSSION

The Caudills insist that the trial court erred in offsetting their judgments by the amount of the out-of-court Urban settlements because the NRCP 59(e) motion was untimely and therefore ineffectual as a means of jurisdictional support for the court's amendment of the judgment. Hilton counters with the proposition that the NRCP 62(b) motion to stay execution of judgment filed on December 21, 1990, excused Hilton from filing a timely 59(e) motion to amend the judgment.[3]

In its December 21, 1990, motion for a stay of execution, Hilton acknowledged that it believed service of the notice of entry of judgment was imminent. Nevertheless, Hilton's attorneys went on vacation after filing the NRCP 62(b) motion to stay execution of judgment.[4] NRCP 62(b) allows the district court to stay the execution of a judgment pending the disposition of a motion to alter or amend a judgment pursuant to NRCP 59. However, NRCP 62 does not provide a basis for the district court to suspend the time for filing an NRCP 59(e) motion.

---

[3]Hilton's January 9, 1991 motion to alter the judgment also cited NRS 41.141 as a source of relief. NRS 41.141(3) directs the trial court to deduct the amount recovered from a settling co-defendant from the net sum otherwise recoverable by the plaintiff against a remaining defendant found liable pursuant to general and special verdicts in cases where comparative negligence is asserted as a defense. However, Hilton now acknowledges that NRS 41.141 does not apply to the instant case because the comparative negligence of the Caudills was not an issue. *See* Buck v. Greyhound Lines, Inc., 105 Nev. 756, 764, 783 P.2d 437, 442 (1989) (NRS 41.141 applies only to situations where the plaintiff's contributory negligence may be properly asserted as a bona fide issue in the case).

[4]NRCP 62(a) and (b) provide as follows:

(a) Stay Upon Entry of Judgment. Execution or other proceedings to enforce a judgment may issue immediately upon the entry of the judgment, unless the court in its discretion and on such conditions for the security of the adverse party as are proper, otherwise directs.

(b) Stay on Motion for New Trial or for Judgment. In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment in accordance with a motion for a directed verdict made pursuant to Rule 50, or of a motion for amendment to the findings or for additional findings made pursuant to Rule 52(b).

An NRCP 59(e) motion to amend a judgment "shall be served not later than 10 days after service of written notice of entry of the judgment." Hilton filed its motion on January 9, 1991, nineteen days after the Caudills served notice of entry of judgment. It is well established that a district court is without jurisdiction to consider an untimely NRCP 59(e) motion. *Oelsner v. Charles C. Meek Lumber Co.*, 92 Nev. 576, 577, 555 P.2d 217, 217 (1976). Because the motion to amend was not filed within the statutorily prescribed ten-day period, the amended judgment was entered without a jurisdictional foundation and is therefore void. *Id.* Therefore, the district court's order amending and offsetting the judgment must be reversed.

Having concluded that the district court lacked jurisdiction to entertain respondents' untimely motion to amend the judgment entered pursuant to jury verdict and that the jury's award of damages is sufficiently supported without the necessity of a new trial on the issue of damages, it is unnecessary to consider the Caudills' remaining contentions.

The amended judgment entered below is reversed, and the matter remanded with instructions to reinstate the judgment entered pursuant to jury verdict.